## Nathaniel H. Boone v. Peter W. Rickard.

1.  STATUTE OF FRAUDS—*when contract does not concern sale of interest in land.* A contract by which several owners of land agree jointly to erect a pumping station, etc., in order to reclaim lands subject to overflow, does not concern the sale of an interest in land, and, therefore, need not be in writing.

2.  CONTRACT—*when memorandum of, incompetent.* A memorandum made by a witness as to the terms of a contract which represents his conclusions from what was said, is incompetent.

Action of assumpsit. Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

A. A. LEEPER, for appellant.

R. W. MILLS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellee against appellant for the recovery of the sum of $400 alleged to be due appellee under a tripartite contract between said parties and Harbison and Goodell. A trial by jury resulted in a judgment in favor of the plaintiff for $310, to reverse which this appeal is prayed by the defendant.

The material facts appearing in evidence, briefly stated, are as follows: In October, 1904, appellant, appellee, Harbison and Goodell, were severally the owners of large adjoining tracts of land lying adjacent to the Sangamon river and subject to overflow therefrom; that in order to reclaim said lands it became necessary to erect a levee, dig ditches and erect a pumping station thereon; that said landowners

accordingly verbally agreed with each other to expend the sum of $1,000 for the purpose of making said improvements; that appellant and appellee each agreed to contribute to such fund $400 and Harbison and Goodell agreed to contribute jointly the sum of $200; that it was agreed that the work should be done and the machinery erected by appellee and Harbison, who, pursuant to said agreement, proceeded to build a levee and dig ditches and install a pumping plant; that as the result of such improvements the lands in question were thereafter protected from the overflow, and the surface water pumped off the same; that the cost of said improvement was about $1,040, of which sum Goodell and Harbison paid $200 in accordance with the contract, and the balance was paid by appellee; and that appellant expended the sum of $90 in the erection of an engine house to be used in connection with the plant.

To the declaration, which avers substantially the foregoing facts, appellant interposed a special plea, setting up the Statute of Frauds. To such special plea the plaintiff pleaded three replications, as follows: First, denying that the contract was concerning an interest in lands; second, averring that the contract was to be fully performed within one year; and third, that plaintiff should not be precluded by anything in the plea alleged because after making the several promises mentioned in the declaration, the defendant stood by, and without objection, allowed the plaintiff to expend the said several sums of money upon the faith of the agreement of said parties. Issue was joined on the first two replications and defendant demurred to the third. Demurrer overruled and defendant stands by his demurrer.

When the work was finished the question arose between the parties as to the propriety of having a written agreement between them in regard to the purchase of an engine and the future maintenance of the levee and the pumping station. After a number of conferences and the preparation of several written contracts, none of which were satisfactory to all of the parties, efforts in that direction were abandoned. Appellant then refused to pay any portion of

the cost of the improvements. The suit at bar was then insti-
tuted for the recovery of the sum which appellant had
agreed to contribute. In assessing the damages, the jury
credited appellant with the amount expended by him in the
erection of the engine house, and returned a verdict for the
balance.

The first error assigned is that the court erred in over-
ruling the demurrer to the third replication. We think the
demurrer should have been sustained not only to the third
but to all of the replications, and further that it should have
been carried back to the plea itself. The contract is no
way involved in the sale of any lands or any interest in or
concerning them and it was therefore unnecessary that it
should have been in writing and signed by the parties to be
charged therewith. The Statute of Frauds has no place in
the case.

It is next urged that inasmuch as appellee and Harbison
jointly made and paid the cost of the improvements, appellee
individually has no right to recover. Such contention is
without force or merit. Appellant agreed to contribute $400
toward the cost of the improvement to the lands. On the
faith of such agreement and with full knowledge on the
part of appellant, appellee proceeded to do the work and
pay the cost thereof. The money was paid at the instance
and request of appellant and he is clearly liable therefor,
both at law and in equity.

The court properly refused to admit in evidence the
memorandum of the proposed contract prepared by the
banker Mertz. While it was competent for Mertz to state
all that was said by the parties in his hearing and presence,
the memorandum was but his written conclusions as to the
purport of the conversation and manifestly inadmissible.

Appellee's right of recovery was so clearly established by
the uncontroverted evidence that we are not inclined to dis-
turb the verdict because of the erroneous rulings of the court
upon the pleadings or instructions, which under the cir-
cumstances were not prejudicial.

We believe that substantial justice was awarded by the
judgment and it will accordingly be affirmed.

*Affirmed.*